UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CIV-22764-BLOOM/Otazo-Reyes

SECURITIES AND EXCHANGE COMMISSION,

    Applicant,

v.

BRANDON CHARNAS,

    Respondent.
_____/

## ORDER

THIS CAUSE came before the Court upon the Securities and Exchange Commission's ("Commission") Application for an Order to Show Cause and for an Order Requiring Compliance with Administrative Subpoena and Incorporated Memorandum of Law (hereafter, "Application") [D.E. 1]. This matter was referred to the undersigned by the Honorable Beth Bloom, United States District Judge [D.E. 6]. The undersigned held show cause hearings on this matter on August 23, 2023 [D.E. 15 ("Initial Show Cause Hearing")], and September 26, 2023) [D.E. 28 ("Continued Show Cause Hearing")]. For the reasons stated below, the Commission's request for an Order requiring Respondent Brandon Charnas' ("Respondent") compliance with the Commission's revised version of a limited portion of the Administrative Subpoena (hereafter, "Revised Subpoena") is DENIED.[1]

## PROCEDURAL AND FACTUAL BACKGROUND

The Commission is conducting an investigation of Charnas for potential insider trading in

---

[1] The Commission has elected not to pursue compliance with the entirety of the Administrative Subpoena in its original form at this time.

the securities of Office Depot, which allegedly took place in 2020-2021, and was purportedly based on material non-public information related to Office Depot's acquisition by Staples. After the Initial Show Cause Hearing, the Commission served on Charnas the Revised Subpoena that is the subject of this Order, seeking the following:

> The "Relevant Period" for Revised Request No. 3-A is August 1, 2020 through February 28, 2021.
>
> Provide all text messages, iMessages, and WhatsApp messages (collectively "Cell phone Messages") sent or received during the Relevant Period containing any of the following words or terms regardless of capitalization: "ODP," "Office Depot," "▉," "▉," "tip," "tips," "insider," "insiders," "▉," "$40," "$50," "shares," "share," "calls," "puts," "option," "options," "out of the money," "out-of-the-money," "▉," "▉," "spin-off," "spinoff," "merger," "acquisition," "M&A," "MandA," "takeout," "take-out," "▉," "data room," "▉," "▉," "Staples," "▉," "▉," "bid," "offer," "▉," "▉," "▉," "▉," "▉," "▉," "▉," "▉," "▉," "▉," "▉," "▉," "▉," "▉," "▉," "▉," "▉," "▉," "▉," "▉," "▉," "▉," "▉," "▉," "▉," "▉," or "▉," including the 10 Cell phone Messages that precede and the 20 Cell phone Messages that succeed each of the Cell phone Messages containing any of the preceding search terms.

See Exhibit A to Respondent's Supplemental Memorandum [D.E. 22-1].[2]

Charnas has declined to respond to the Revised Subpoena, invoking the Fifth Amendment's privilege against self-incrimination, which he claims arises from the act of producing the requested documents.[3] The Commission acknowledges Charnas' invocation of the Fifth Amendment but argues that he should be compelled to respond to the Revised Subpoena because his act of production is not testimonial under one or both of the following recognized exceptions to the act of production doctrine: (1) Charnas is not being called upon "to make use of the contents of his []

---

[2] The blacked-out portions are individuals' or entities' names that the Commission has sought to protect due to pending investigations. An unredacted version of the Revised Subpoena has been filed under seal as Exhibit A to the Continued Show Cause Hearing [D.E. 29].

[3] Charnas also invokes the Fourth Amendment's protection against searches and seizures. However, the undersigned need not address this additional argument given the conclusion that Charnas is protected from responding to the Revised Subpoena by the Fifth Amendment.

mind" in responding to the Revised Subpoena; and/or (2) the Commission can show with "reasonable particularity" that it already knows of the materials requested in the Revised Subpoena, thereby rendering any testimonial aspect of the production a "foregone conclusion". In re Grand Jury Subpoena Duces Tecum Dated March 25, 2011, 670 F.3d 1335, 1345-46 (11th Cir. 2012). As discussed below, however, the undersigned does not find that the Revised Subpoena falls within either of those two exceptions.

## APPLICABLE LAW

"[T]he *act of production* may have some testimonial quality sufficient to trigger Fifth Amendment protection when the production explicitly or implicitly conveys some statement of fact." Id. at 1342 (emphasis in the original) (citing Fisher v. United States, 425 U.S. 391, 410 (1976)). Specifically, an act of production "could qualify as testimonial if conceding the existence, possession and control, and authenticity of the documents tended to incriminate" the producing party. Id. at 1343. However, an act of production can be non-testimonial in two ways. The first is "where the individual is not called upon to make use of the contents of his or her mind [such as when] turning over the key of a strongbox containing documents" and this rationale has been used "in a variety of other contexts." Id. at 1345.[4] The second is

> under the "foregone conclusion" doctrine, [where] an act of production is not testimonial—even if the act conveys a fact regarding the existence or location, possession, or authenticity of the subpoenaed materials—if the Government can show with "reasonable particularity" that, at the time it sought to compel the act of production, it already knew of the materials, thereby making any testimonial aspect a "foregone conclusion."

Id. at 1345-46. "Case law from the Supreme Court does not demand that the Government identify exactly the documents it seeks, but it does require some specificity in its requests—categorical

---

[4] The other contexts cited by the Eleventh Circuit are: voice exemplars, handwriting exemplars, standing in a lineup, blood samples; and wearing particular clothing. Id. at 1345 n.24.

requests for documents the Government anticipates are likely to exist simply will not suffice." Id. at 1347.

As discussed below, the undersigned concludes that neither exception is applicable here; hence, the undersigned denies the Commission's request that Charnas be compelled to respond to the Revised Subpoena.

## USE OF THE CONTENTS OF CHARNAS' MIND

The Commission argues that, by specifying the search terms that would yield the "Cell Phone Messages" sought in the Revised Subpoena, compliance would only involve a mechanical process without the need for any mental input from Charnas. However, there are several problems with the Commission's theory. If Charnas were to conduct his own search of his cell phone or other devices in his possession capable of storing "Cell Phone Messages", he would need to use the contents of his mind to: identify which device or devices contain the Cell Phone Messages; enter the search terms in the particular device; apply the "Relevant Period" constraints to the search; and add ten preceding and twenty succeeding "Cell Phone Messages" to the results of the initial search, so as to fully comply with the Revised Subpoena. In the alternative, the Commission proposes that Charnas' counsel or an IT vendor conduct the required search, so that Charnas would not have to use the contents of his mind.[5] However, in that scenario, Charnas' mental involvement in responding to the Revised Subpoena would still be required in order to, at a minimum: locate his cell phone or other devices in his possession capable of storing "Cell Phone Messages"; and review the results of the search for responsiveness and for potential privilege claims, in which task he must necessarily participate even if his counsel or an IT vendor were to conduct the search.

---

[5] The undersigned notes that: Charnas has not agreed to turn over his devices to anyone; Charnas' counsel has not agreed to be involved in the required search; and Charnas has not agreed to hire an IT vendor. Moreover, the undersigned finds no basis to compel Charnas or his counsel to do any of these things.

The Commission relies on Sallah v. Worldwide Clearing LLC, 855 F. Supp. 2d 1364 (S.D. Fla. 2012) to argue that its specification of the requested search terms is sufficient to avoid Charnas' mental involvement in responding to the Revised Subpoena. In Sallah, the court found that requests for the production of communications between a defendant and certain specified individuals or entities would not require the defendant to "employ the 'contents of [her] mind' to choose what documents might be responsive to the requests" because the defendant "need not exercise any judgment to respond to the requests." Id. at 1373 (alterations in original). However, unlike the Sallah requests, the Commission's Revised Subpoena does require the exercise of Charnas' judgment to apply the "Relevant Period" constraints to the search, and to add ten preceding and twenty succeeding "Cell Phone Messages" to the initial results of the search. Moreover, nothing in Sallah supports the Commission's alternative suggestion that the search be conducted by Charnas' counsel or an IT vendor, which approach would still have the problems noted above. Significantly, the Sallah court specifically found that the documents in question could be authenticated by co-defendants, as a result of which, "the act of producing [the] responsive documents does not divulge any new information." Id. However, as discussed below, this safeguard is not available here. Moreover, the Commission's reliance on two out-of-district cases fares no better.

In SEC v. Karroum, No. 15-590, 2015 WL 8483246 (D.D.C. Dec. 9, 2015), defendant produced some responsive emails but "did not relinquish email communications with investors— as required by the [SEC's] subpoena." Id. at *1. The court required Karroum to "consent to having his Internet Service Provider (ISP) turn over his emails to the SEC." Id. at *2. Given Karroum's partial response to the SEC subpoena, the court applied the principle that "when the individual has acknowledged the existence of the documents already – and knowledge of those documents exists

independent of him – his production of such documents is not testimonial in nature." Id at *3. Here, Charnas has made no such acknowledgment.

In Ronin Cap., LLC v. Mayorga, No. 16 CV 6909, 2016 WL 7394051 (N.D. Ill. Dec. 21, 2016), Plaintiff had forensically imaged two former employees' electronic devices but was unable to access their personal emails due to security features. Id. at *2. In a request for production, Plaintiff sought documents and communications related to the employees' alleged misappropriation of Plaintiff's information in order to fill that void. Id. The court found that, responding to the requests as framed "would act as testimony that [the documents] exist, were in their possession or control and were authentic." Id. at *4 (quoting U.S. v. Hubbell, 530 U.S. 27, 37 (2000)). After reaching this conclusion, the court suggested that Plaintiff re-frame its requests to avoid running afoul of Hubbell by not requiring a "culling process" and directed the parties "to meet and confer to develop a list of search terms that [we]re reasonably calculated to uncover whether defendants' emails contain[ed] additional relevant documents." Id. at *5. However, the Ronin Cap. court's suggestion that search terms be used to avoid violating Hubbell in that case does not provide an unqualified endorsement of the Commission's request to compel Charnas to produce documents based on its own proposed search terms, which, as discussed above, would require Charnas to use the contents of his mind.

## **FOREGONE CONCLUSION**

The Commission also argues that the foregone conclusion exception to the act of production doctrine applies to the Revised Subpoena because it has shown with "reasonable particularity" that it already knows of the materials sought therein. In support of this proposition, the Commission attached to its Application two redacted text messages between Charnas and unidentified individuals that mentioned Office Depot, as well as a redacted portion of an

6

unidentified individual's deposition transcript, according to whom Charnas "was reviewing all communications that he had that [] were in his availability on his cell phone or email or whatever." See Exs. 7-9 to Declaration of Michael J. Gonzalez [D.E. 1-2 at 49-57]; Transcript of Initial Show Cause Hearing [D.E. 16 at 23-24].

At the Initial Show Cause Hearing, the undersigned directed the Commission to submit for *in camera* review the materials that it claimed supported application of the foregone conclusion exception, which the Commission agreed to do.[6] At the Continued Show Cause Hearing, the Commission stated that, in addition to actual text messages, it had toll records purportedly showing interactions between Charnas and all of the individuals listed in the search terms. However, the Commission also acknowledged that the text messages already in its possession covered only some but not all of the individuals and subject matters listed in the search terms of the Revised Subpoena. According to the Commission, its evidence, which has not been fully disclosed to Charnas, is sufficient to support its good faith belief in the existence of all the materials sought in the Revised Subpoena. The problem with the Commission's theory is that, unlike the Sallah court, the undersigned cannot find that all of the documents sought in the Revised Subpoena could be authenticated by specified third parties who would also be the source of the same documents; hence, Charnas' act of producing documents fully responsive to the Revised Subpoena does divulge new information as to the "existence or location, possession, or authenticity" of, at a minimum, a portion of the requested material. In re Grand Jury Subpoena, 670 F.3d at 1346.[7]

Moreover, the facts in SEC v. Complete Bus. Sols. Grp., Inc., No. 20-CIV-81205, 2022

---

[6] Charnas has objected to this *in camera* review process. Given the undersigned's conclusion that the Commission has not satisfied the foregone conclusion exception, Charnas' objection is moot.

[7] Additionally, the Commission's reliance on an unidentified deponent's statement that Charnas "was reviewing all communications that he had that [] were in his availability on his cell phone or email or whatever" is not the equivalent of defendant's sufficient acknowledgement of the existence of the requested documents through partial production in Karroum, 2015 WL 8483246 at *3.

WL 1288749 (S.D. Fla. Apr. 29, 2022), upon which the Commission also relies, are distinguishable. In that case, the court overruled a defendant's objection that, due to the passage of time, his prior disclosures could not be used to show with reasonable particularity the existence of the documents sought in a request for production. Id. at *3. As noted by that court, an asset freeze made any changes due to the passage of ten months in time "*quite limited*". Id. (emphasis in original). Here, there has been no prior disclosure on the part of Charnas upon which the Commission can rely to meet the reasonable particularity requirement.[8]

## CONCLUSION

Having found that the Commission has not met its burden of establishing the exceptions to the act of production doctrine, it is

ORDERED AND ADJUDGED that the Commission's Application as limited to the Revised Subpoena is DENIED.[9]

**DONE AND ORDERED** in chambers at Miami, Florida this 11th day of October, 2023.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc:   United States District Judge Beth Bloom
      Counsel of Record

---

[8] At the Continued Show Cause Hearing, both sides argued that In re Generic Pharms. Pricing Antitrust Litig., No. MDL 2724, 2020 WL 5558756 (E.D. Penn. Sept. 17, 2020) supported their respective positions. There, the court found that subpoenas seeking communications, calendars, and marketing, sale, production and pricing information did not fit either exception to the act of production doctrine but did not discount the potential viability of a more narrowly tailored subpoena. Id. at *1–2. Given those different and inconclusive circumstances, the undersigned does not find that case to be instructive for the task at hand.

[9] Given this conclusion, the undersigned need not address Charnas additional argument that the Revised Subpoena also violate is an unreasonable search in violation of the Fourth Amendment.